UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICHOLE LYNN BAXTER** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO.  16-142-JWD-RLB** |
| **JASON MICHAEL ANDERSON, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 21, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICHOLE LYNN BAXTER** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 16-142-JWD-RLB** |
| **JASON MICHAEL ANDERSON, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court in Plaintiff's Motion to Remand. (R. Doc. 4). This motion is opposed. (R. Doc. 8). Defendant has requested oral argument. (R. Doc. 12).

Oral argument is not necessary for deciding Plaintiff's Motion to Remand. For the following reasons, the undersigned recommends that Plaintiff's Motion to Remand be **DENIED.**

**I.    Background**

On February 10, 2016, Nichole Lynn Baxter ("Plaintiff") initiated this action in the 18th Judicial District Court, West Baton Rouge Parish, Louisiana, naming as defendants Jason Michael Anderson ("Mr. Anderson"); KLLM Transport Services, LLC ("KLLM Transport"); and Great West Casualty Company ("Great West Casualty") (collectively, "Defendants"). (R. Doc. 1-2, "Petition"). Plaintiff alleges that she incurred bodily injuries to her neck, back, and body as a whole when Mr. Anderson, driving a truck owned by his employer, KLLM Transport, "suddenly and without warning" drove into Plaintiff's vehicle, "causing a violent collision." (Petition, ¶¶ 4, 5, 9).

Plaintiff requested service on all named defendants through the Louisiana Long Arm Statute, La. R.S. § 13:3201, *et seq*. There is no dispute that on or about February 18, 2016, KLLM Transport and Great West Casualty were served with process. (R. Doc. 1 at 3-4). The

1

instant dispute centers upon whether Mr. Anderson was served with process prior to the removal of this action and, accordingly, was required to join in, or timely consent to, the removal.

On February 29, 2016, Plaintiff sent the Citation and Petition for Damages to Mr. Anderson by certified mail. (R. Doc. 4-6).

On March 3, 2016, KLLM Transport and Great West Casualty (collectively, the "Removing Defendants") filed the Notice of Removal on 11:46 a.m. C.S.T. (R. Doc. 1). In the Notice of Removal, the Removing Defendants state that although Mr. Anderson had not been served as of the time of removal, "Mr. Anderson will be represented by undersigned counsel once he is properly served" and "[w]ithout waiving the formal requirements of service of process, Mr. Anderson joins in and consents to this removal." (R. Doc. 1 at 6). The Removing Defendants assert that there is complete diversity and that the amount in controversy requirement is satisfied based on the injuries and damages alleged in the Petition. (R. Doc. 1 at 2-5).[1]

On March 3, 2016, the U.S. Postal Service delivered a copy of the Citation and Petition for Damages to Mr. Anderson at his address in Fort Worth, Texas, at 12:00 p.m. (R. Doc. 4-7).[2]

On April 2, 2016, Plaintiff filed the instant Motion to Remand, arguing that the removal was procedurally defective because no written consent for removal was provided on behalf of Mr. Anderson, although he had been properly served in compliance with the Louisiana Long Arm Statute. (R. Doc. 7 at 12-13).

II. **Arguments of the Parties**

Plaintiff argues that the Notice of Removal was procedurally defective because Mr. Anderson had been properly served, but did not join in the removal or timely file written consent

---

[1] The Removing Defendants filed a Second Amended Notice of Removal on April 22, 2016, verifying that there is complete diversity between the parties. (R. Doc. 11).
[2] The Court takes judicial notice that Baton Rouge, Louisiana, and Forth Worth, Texas, were on Central Standard Time on March 3, 2016.

2

to the same. (R. Doc. 4-1 at 2). Plaintiff argues that this removal violates the "rule of unanimity" and that remand is appropriate. (R. Doc. 4-1 at 3). Plaintiff asserts that service upon Mr. Anderson was proper under the Louisiana Long Arm Statute, because under the "clear and unambiguous wording" of the statute, there is no requirement for a signed return receipt in order for service to be proper. (R. Doc. 4-1 at 3).

In opposition, the Removing Defendants argue that Mr. Anderson was not served prior to removal and, even if he was, he properly consented to removal in compliance with the rule of unanimity. First, the Removing Defendants argue that because they filed the Notice Removal 14 minutes before a copy of the Petition and Citation were delivered to Mr. Anderson by the USPS, his consent to removal was not needed. (R. Doc. 8 at 2). Second, the Removing Defendants argue that the Notice of Removal explicitly provides that Mr. Anderson joined in and consented to removal. (R. Doc. 8 at 3). Third, the Removing Defendants argue that even if consent at the time of removal was improper, Mr. Anderson filed a timely Notice of Consent (R. Doc. 5) within 30 days of removal on April 4, 2016. (R. Doc. 8 at 3).

### III. Law and Analysis

#### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the

complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

"A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

The "rule of unanimity" has been codified in 28 U.S.C. § 1446. *See Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, No. 12-300, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." 28 U.S.C. § 1446(b)(2)(A). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

### B. Whether Mr. Anderson Was "Properly Joined and Served" Prior to Removal

The Court must first determine whether Mr. Anderson was a "properly joined and served" defendant at the time of removal who had to "join in or consent to the removal of the

4

action." *See* 28 U.S.C. § 1446(b)(2)(A).  Plaintiff argues that service was perfected on Mr. Anderson on February 29, 2016 (4 days prior to removal), the date Plaintiff mailed service through the U.S. Postal Service. (R. Doc. 4-1 at 2; R. Doc. 4-6).  In contrast, Defendant argues that service was perfected on Mr. Anderson at 12:00 p.m. on March 3, 2016 (14 minutes after removal) when the certified letter was actually delivered to Plaintiff. (R. Doc. 8 at 2; R. Doc. 4-7).

The Louisiana Long Arm Statute permits service of nonresident defendants by sending a certified copy of the summons and complaint by certified mail to the defendant:

> In a suit under R.S. 13:3201, a certified copy of the citation . . . and of the petition . . . shall be sent . . . to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited or small claims jurisdiction.

La. R.S. § 13:3204(A).  The statute does not specifically provide whether service is perfected upon mailing or receipt of service of process.  District courts within the Fifth Circuit have consistently held that *proof* of actual receipt of service of process is not necessary to perfect service under the Louisiana Long Arm Statute. *See*, *e.g.*, *Stogner v. Neilsen & Hiebert Sys., Inc.*, No. 07-4058, 2008 WL 4587304, at *2-3 (E.D. La. Oct. 15, 2008) (noting the emphasis on mailing of service in La. R.S. § 13:3205, the statute governing default judgments and proof of service); *Hamilton v. Alvarado-Cruz*, No. 08-653, 2009 WL 2175995, at *3 (M.D. La. July 21, 2009) (stating that a defendant may not defeat valid service by registered or certified mail by refusing to accept or sign for the letter).

That said, the Court does not accept Plaintiff's position that the date of mailing process triggers the 30-day period to consent or join an action removed by an earlier-served defendant.

5

The general removal requirements of 28 U.S.C. § 1446 provide that the 30-day removal period beings to run after receipt by the defendant "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1).  The Supreme Court has interpreted Section 1446(b) to require a defendant to *receive* at the time of formal service (or after service of process if state law allows service of the summons without the initial pleading) a copy of the initial pleading before the 30-day period begins to run. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999).

Accordingly, district courts have held that even where state law governing service explicitly provides that service is complete upon mailing, the 30-day period does not begin to run until a defendant is in actual *receipt* of the initial pleading. *See*, *e.g.*, *DerMargosian v. Arpin Am. Moving Sys., LLC*, No. 12-4687, 2013 WL 787091, at *2 (N.D. Tex. Mar. 4, 2013) ("The Supreme Court has implicitly recognized that receipt means actual receipt, not an earlier date that qualifies as such based on the date of service" where "service by mail under state law is complete upon mailing."); *Freedom Steel, Inc. v. Senn Freight Lines, Inc.*, No. 09-2750, 2010 WL 395228, at *4 and n.1 (N.D. Ohio Jan. 26, 2010) (noting that while Ohio law provides that "[s]ervice by mail is complete upon mailing," the 30-day removal period pursuant to Section 1446(b) "does not being to run until the defendant is in actual receipt of the complaint via mail service.").  Even if the Louisiana Long Arm Statute implicitly provides that service is perfected upon mailing, the Court agrees that in light of *Murphy Brothers*, the 30-day period to remove only beings to run where a defendant has been properly served and actually receives a copy of the initial state court pleading.[3]

---

[3] The general service provision under Louisiana law provides that service may be perfected, for "every pleading subsequent to the original petition" by "[m]ailing a copy thereof to the counsel of record, or if

This conclusion is consistent with analogous rulings by this Court holding that a defendant must actually receive a copy of the initial pleading to trigger the 30-day period to remove an action where service is made on a statutory agent under state law. *See*, *e.g.*, *First Choice Surgery Ctr. of Baton Rouge, LLC v. United Healthcare Servs., Inc.*, No. 12-0065, 2012 WL 3109483, at *3 (M.D. La. July 30, 2012) (notice of removal was timely filed based on defendant's actual receipt of initial petition from Louisiana Secretary of State); *see also Brown v. S.L. Netterville Logging, Inc.*, No. 09-200, 2009 WL 1875755, at *3 (M.D. La. June 26, 2009) ("Several district courts in the Fifth Circuit have . . . concluded that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent.").

Similarly, this conclusion is consistent with holdings concluding that a defendant cannot defeat service by certified mail pursuant to the Louisiana Long Arm Statute where the defendant refuses to accept service or the letter is otherwise marked as "unclaimed."  *See*, *e.g.*, *Hamilton v. Alvarado-Cruz*, No. 08-653, 2009 WL 2175995, at *3 (M.D. La. July 21, 2009).  In such a circumstance, the date the letter is marked "unclaimed" triggers the 30-day period for removal. *See Kroger Co. v. Door Control Servs., Inc.*, No. 12-0965, 2012 WL 4891560, at *4 (E.D. La. Oct. 15, 2012) (filing of notice of removal on April 20, 2012 was untimely where U.S. Postal Service designated certified letter as "unclaimed" on March 8, 2012).

---

there is no counsel of record, to the adverse party at his last known address, this service being complete upon mailing." La. Code Civ. Proc. art. 1313.  This is consistent with Federal law, which provides that where service is mailed to a person's last known address, "service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).  Some district courts have held that, despite the *Murphy Brothers* ruling and its implicit recognition that receipt in § 1446 means actual receipt, where state law provides that service is complete upon mailing, the date on which the plaintiff mails the summons and complaint governs the 30-day removal period.  *See*, *e.g.*, *Hardy v. Square D Co.*, 199 F. Supp. 2d 676 (N.D. Ohio 2002) (*citing* Ohio Civ. R. 5(B)).  Because this case involves service of the *original petition* through the Louisiana long arm statute, La. R.S. § 13:3204, the Court need not determine whether general service under other circumstances pursuant to La. Code Civ. Proc. art. 1313 would require a different result.

7

Based on the foregoing, it follows that a defendant is not "properly joined and served" for the purposes of 28 U.S.C. § 1446(b)(2)(A), which governs whether a defendant must "join in or consent to the removal of an action" by a co-defendant, until it actually receives (or refuses to receive) formal process sent by registered or certified mail pursuant to the Louisiana Long Arm Statute. Here, the record indicates that Mr. Anderson did not receive the Citation and Petition until 14 minutes after the filing of the Notice of Removal. (R. Doc. 8-2; R. Doc. 4-7). Accordingly, at the time of removal, Mr. Anderson was not a "properly joined and served" defendant and did not have to "join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A).

### C. Whether Mr. Anderson Timely Consented to Removal

Given the close proximately between the removal and service of process, however, the Court will consider whether (assuming he was properly joined and served prior to removal), Mr. Anderson timely consented to removal.

If a served defendant does not join in the actual removal, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *See Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); *see also Crowley v. Amica Mut. Ins. Co.*, No. 12-775, 2012 WL 3901629 (E.D. La. Sept. 7, 2012) (noting that the recent amendments to the removal statutes do not affect the Fifth Circuit requirement of written consent by all defendants). This requirement is necessary to "'bind' the allegedly consenting defendant." *Getty Oil*, 841 F.2d at 1262 n.11. In a recent decision, this Court held that removal was not procedurally defective on the basis that a served defendant did not consent to removal when the following facts were established in the

8

record: (1) the notice of removal specifically stated that the non-removing defendant had been informed of the notice of removal and consented to its filing; and (2) the notice of removal was signed, pursuant to Rule 11 of the Federal Rules of Civil Procedure, by counsel indicating that he represented both the removing and non-removing defendants. *See Bethel v. Nat'l Indem. Ins. Co.*, No. 15-391, 2015 WL 5636433, at *3 (M.D. La. Sept. 4, 2015), *report and recommendation adopted*, 2015 WL 5634588 (M.D. La. Sept. 24, 2015).

The Removing Defendants point out that the Notice of Removal states that although Mr. Anderson had not been properly joined and served as a defendant prior to removal, he "joins in and consents to removal" and "will be represented by undersigned counsel once he is properly served." (R. Doc. 1 at 6). Counsel for the Removing Defendants, however, only sign the Notice of Removal on behalf of the Removing Defendants. (R. Doc. 1 at 7). Furthermore, the Notice of Removal makes it clear that undersigned counsel only contemplated a potential future attorney-client relationship with Mr. Anderson at the time of removal. Because counsel for the Removing Defendants did not represent Mr. Anderson at the time of removal, Mr. Anderson did not effectively join in or consent to the removal based on the representations of the Removing Defendants' counsel at the time of removal. *See Getty Oil*, 841 F.2d at 1262 n.11.

On April 4, 2016, Mr. Anderson filed a "Notice of Consent to Defendants' Notice of Removal" in which counsel for the Removing Defendants state, pursuant to Rule 11, that they represent Mr. Anderson. (R. Doc. 5). As discussed above, if he had been actually served prior to removal, Mr. Anderson was required to consent or join in the removal within 30 days from his receipt of the Petition on March 3, 2016. Thirty days from March 3, 2016 falls on April 2, 2016, a Saturday. Because 28 U.S.C. § 1446 does not specify a method of computing time, the 30-day period continued to run "until the end of the next day that is not a Saturday, Sunday, or legal

9

holiday." Fed. R. Civ. P. 6(a)(1). Accordingly, Mr. Anderson timely consented to removal on April 4, 2016, the following Monday.

### IV. Conclusion

Based on the foregoing, the Court concludes that removal was procedurally proper pursuant to 28 U.S.C. §1446.

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 4) be **DENIED.**

Signed in Baton Rouge, Louisiana, on June 21, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**