UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**NICHOLE LYNN BAXTER**               **CIVIL ACTION**

**VERSUS**

**NO. 16-142-JWD-RLB**

**JASON MICHAEL ANDERSON, ET AL.**

## ORDER

Before the Court is KLLM Transport Services, LLC's ("KLLM Transport") and Great West Casualty Company's ("Great West Casualty") (collectively, "Movants") Motion to Compel More Complete Discovery Responses (R. Doc. 17) filed on July 6, 2016.

Any opposition to this motion was required to be filed within 21 days after service of the motion. LR 7(f). Nichole Lynn Baxter ("Plaintiff") has not filed an opposition as of the date of this Order. The motion is therefore unopposed.

**I.    Background**

This action involves an automobile accident on March 10, 2015. (R. Doc. 1-9, "Petition"). Plaintiff alleges that she incurred bodily injuries to her neck, back, and body as a whole when defendant Jason Michael Anderson, driving a truck owned by his employer, KLLM Transport, "suddenly and without warning" drove into Plaintiff's vehicle, "causing a violent collision." (Petition, ¶¶ 4, 5, 9). Plaintiff seeks recovery for physical and mental damages, medical expenses, loss of enjoyment of life, and lost wages. (Petition, ¶ 10).

On March 27, 2016, Movants served interrogatories and requests for production on Plaintiff. (R. Doc. 17-3). Plaintiff timely responded to the written discovery requests on April 18, 2016. (R. Doc. 17-4).

On June 13, 2016, Movants' counsel wrote Plaintiff's counsel asserting that there were deficiencies with regard to the responses to Interrogatory No. 25, Request for Production No. 18, and Request for Production No. 8. (R. Doc. 17-5). Movants' counsel scheduled a Rule 37(a)(1) conference to be held on June 20, 2016 if supplemental responses were not provided as requested. (R. Doc. 17-5 at 2). Having received no supplemental responses, Movants' counsel called Plaintiff's counsel at the designated time on June 20, 2016, but the call was not answered. (R. Doc. 17-6). Movant provided Plaintiff an additional two weeks until July 5, 2016 to provide supplemental responses. (R. Doc. 17-6). Plaintiff represents that no supplemental responses were provided as of June 6, 2016, the date the instant motion was filed. (R. Doc. 17-1 at 2).

Movants now seek an order compelling "to provide more complete responses to Interrogatory No. 25 and Request for Production No. 18 concerning plaintiff's social networking websites, and Request for Production No. 8 concerning written or recorded statements, served on her on or about March 27, 2016." (R. Doc. 17 at 1).

**II.    Law and Analysis**

    **A.    Legal Standards**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A). If a party fails to respond fully to requests for the production of documents in the time allowed by Rule 34(b)(2)(A), the party seeking discovery may move to compel responses pursuant to Rule 37(a)(3)(B).

### B.     Social Media

Movant's Interrogatory No. 25, and Plaintiff's response, are as follows:

**INTERROGATORY NO. 25:**
List every "Social Networking Website" (SNW) utilized or accessed by the party for the past three years. For any SNW identified in response to this or any other interrogatory, provide the following information:

(a) name and internet address of the SNW;
(b) name, address, social security number, and date of birth of the SNW account subscriber, and if different, the individual financially responsible for the SNW account;
(c) each and every user name, screen name, friendID#, email address, or alias affiliated with the SNW account;
(d) full URL to each SNW profile;
(e) the last time the party accessed the SNW account; and
(f) whether the party posts photographs and "updates" on the SNW account.

**ANSWER TO INTERROGATORY NO. 25:**
Plaintiff objects. First, the request is not reasonably calculated to lead to the discovery of admissible evidence, under La. Code Civ. Proc. art. 1422. Second, the discovery request violates Plaintiff's right to be protected from "annoyance, embarrassment, oppression, or undue burden or expense" under La. Code Civ. Proc. 1426. Const. Amend. IV; La. Const. Art. I,§ 5; Orfanello v. Laurente, 626 So. 2d 417, 418-19 (La. App. 4 Cir. 1993) ("Both the United States Constitution and the Louisiana Constitution guarantee every citizen the right of privacy. The Louisiana Constitution does not duplicate the Fourth amendment--it extends protection to all 'invasions of privacy', a general concept broader than the unreasonable search and seizures proscribed by the federal bill of rights ..."). Fourth, the request violates the Stored Communications Act of 1986 ("SCA") and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2701 et seq.

3

> See *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965 (C.D. Cal. 2010) (quashing plaintiff's subpoenas to Facebook and MySpace for "webmail and private messaging ... to the extent they seek private messaging" because "webmail and private messaging ... are inherently private such that stored messages are not readily accessible to the general public" and because the requests violated the Stored Communications Act of 1986 ("SCA") and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2701 et seq.).

Plaintiff's objections to the interrogatory references case law that is not applicable to this discovery dispute. In *Orfanello v. Laurente*, 626 So.2d 417, 418-19 (La. App. 4th Cir. 1993), the Court merely held that inquiry into whether a witness to an accident had "ever been arrested" was not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and would be an unwarranted invasion of the witness's privacy. Here, Movants are seeking relevant information posted on social media directly pertaining to Plaintiff's claims in the Petition. Such social media is generally discoverable. *See Farley v. Callais & Sons, LLC*, No. 14-2550, 2015 WL 4730729 (E.D. La. Aug. 10, 2015) (ordering plaintiff to provide social media postings to his counsel for determination of whether the postings are relevant and responsive to discovery requests); *see also Johnson v. PPI Tech. Servs., L.P.*, No. 11-2773, 2013 WL 4508128, at *1 (E.D. La. Aug. 22, 2013) ("Generally, [social networking site] content is neither privileged nor protected by any right of privacy.") (citation omitted).

In *Crispin v. Chrisina Audigier, Inc.*, 717 F. Supp. 2d 965 (C.D. Cal. 2010), the court concluded that the SCA "prevents 'providers' of communication services from divulging private communication to certain entities and individuals." *Id.* at 972. That case does not address the identification and/or production of social media information in response to discovery requests by a user of social media. The issue here is whether Plaintiff shared relevant information to the claims and defenses in this action with third parties. Regardless of whether Plaintiff emplaced

4

privacy settings on her social media postings, these postings were freely shared with third parties.

While the Court finds Plaintiff's objections to Interrogatory No. 25 to be improper, it recognizes that the interrogatory is overly broad to the extent it seeks information unrelated to the claims or defenses of this litigation. Accordingly, the Court will only require Plaintiff to identify social networking websites she has used or otherwise accessed since March 10, 2015, and to which she posted photographs and/or any other information. The Court will also limit the specific information sought by the interrogatory because it seeks confidential information of third parties (such as social security numbers) without a demonstrated need for such information.

As limited by the Court, Plaintiff must respond to Interrogatory No. 25 by requiring Plaintiff to list every "Social Networking Website" (SNW) she has used or accessed since the time of the accident on March 10, 2015, and posted any photographs or other information, including providing the following information:

> (a) name and internet address of the SNW;
> (b) name and address of the SNW account subscriber, and if different, the individual financially responsible for the SNW account;
> (c) each and every user name, screen name, friendID#, email address, or alias affiliated with the SNW account that was used or accessed by Plaintiff;
> (d) full URL to each SNW profile used or accessed by Plaintiff;
> (e) the last time Plaintiff accessed the SNW account; and
> (f) whether Plaintiff posts photographs and "updates" on the SNW account.

Plaintiff shall supplement her response to Interrogatory No. 25 within **14 days** of the date of this Order.

Movant's Request for Production No. 18, and Plaintiff's response, are as follows:

> **REQUEST FOR PRODUCTION NO. 18:**
> With regard to Plaintiff's social networking website ("SNW") accounts, please produce or make available for inspection all documents or things, including electronically stored information (ESI), in the party's possession, custody or control which evidence, depict or relate to the party's mental, emotional and

5

physical condition from the date of the accident through the current, inclusive of all documents or information relating to **the party's alleged damages stemming from the accident that is the subject of this lawsuit, including physical pain and suffering - past, present and future; mental pain, anguish, and distress – past present and future; medical expenses – past, present, and future; and lost wages – past, present and future (all as referenced in Paragraph 10 of the Petition).** This request includes, but is not limited to, all IP Logs, blog entries, "Wall Postings," photographs, bulletins and any additional information contained on SNW accounts maintained by the party. For purposes of this Request for Production, the party is in "control" of all ESI maintained by the Social Networking Site Administrator by virtue of the consent provisions of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 et seq.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**
Objection as to prematurity, as being vague, overbroad and unduly burdensome. For further response, the plaintiff does not possess any documentation responsive to this request at this time. The plaintiff reserves the right to amend and or supplement as discovery is ongoing and as additional information becomes available.

The Court agrees with Plaintiff that the request for production is overly broad as stated, particularly the request for production of any information that evidences, depicts or relates to Plaintiff's mental, emotional and physical condition.[1]  Taken to its literal extreme, this request, if enforced in full, would require Plaintiff to produce virtually any photographs of herself and/or writings about herself placed into social media.  *See Johnson v. PPI Technology Services, L.P.*, No. 11-2773, 2013 WL 450-8128, at *2 (E.D. La. Aug. 22, 2013) ("Simply placing their mental and physical conditions at issue is not sufficient to allow [Defendant] to rummage through [Plaintiffs'] social media sites.").

Accordingly, the Court will limit the request to the production of copies of all posting, including any photographs and/or writings, from the time of the accident on March 10, 2015 to

---

[1] Although Plaintiff represents that she does not possess any documentation responsive to this request at this time, the Court notes that she does not deny the use of SNWs in response to Interrogatory No. 25.  Accordingly, the Court assumes for purposes of this motion that Plaintiff has used a SNW during the relevant time period.  Without some explanation as to the steps taken to determine whether responsive information exists, and without any opposition filed, Plaintiff shall again respond to RFP 18 in accordance with this Order.

6

the present for which Plaintiff has "possession, custody, or control" and are related to the claims and/or defenses of this litigation. To enforce this limitations, the Court will only require Plaintiff to provide any documents and/or information that meets one of the following criteria:

> 1) postings by Plaintiff that refer or relate to the accident in question;
>
> 2) postings that refer or relate to emotional distress that Plaintiff alleges she suffered as a result of the accident and any treatment received therefor;
>
> 3) postings or photographs that refer or relate to alternative potential emotional stressors or that are inconsistent with the mental injuries she alleges here;
>
> 4) postings that refer or relate to physical injuries that Plaintiff alleges she sustained as a result of the accident and any treatment that she received therefor;
>
> 5) postings that refer or relate to other, unrelated physical injuries suffered or sustained by Plaintiff; and
>
> 6) postings or photographs that reflect physical capabilities that are inconsistent with the injuries that Plaintiff allegedly suffered as a result of the accident.

*See Farley v. Callais & Sons LLC*, No. 14-2550, 2015 WL 4730729, at *4 (E.D. La. Aug. 10, 2015).

To effectuate the foregoing search, and to ensure that Plaintiff's search for responsive information is complete, Plaintiff must, to the extent possible, download all historical data available from her SNW accounts to review for responsive information covered by this Order.[2] If a particular SNW does not allow for such a review, a responses provided shall include a description of the steps taken to locate and review any responsive information within any SNW account.

---

[2] For example, per the Facebook Help Center, a user of Facebook can download a copy of that user's Facebook data by selecting "Settings" at the top right of any Facebook page, clicking "Download a copy of your Facebook data" below your General Account Settings, and then clicking "Start My Archive." It appears that Twitter and other SNWs have similar capabilities.

Plaintiff shall supplement her response to Request for Production No. 18 within **14 days** of the date of this Order.

### C.       Written or Recorded Statements

Movant's Request for Production No. 8, and Plaintiff's response, are as follows:

**REQUEST FOR PRODUCTION NO. 8:**
Copies of all typed, written or recorded statements, if any, you have in your possession regarding the subject accident and/or your alleged injuries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**
Objection as to prematurity, as being vague, overbroad and unduly burdensome. For further response, the plaintiff objects to production on the basis that the information requested was gathered in anticipation of litigation and is protected by the work product doctrine. The plaintiff further objects to the production, should some of the documentation in the possession of the plaintiff be discoverable, until testimony is memorialized via deposition. The plaintiff reserves the right to amend and or supplement as discovery is ongoing and as additional information becomes available.

Request for Production No. 8 is neither vague nor overly broad.  The information sought is relevant to the claims and defenses of this action.  To the extent Plaintiff is withholding documents on the basis of the attorney-client privilege and/or work product doctrine, Plaintiff must identify the withheld documents and assert the appropriate privilege or immunity in a privilege log.  Otherwise, Plaintiff must produce any responsive documents.  Furthermore, Plaintiff has raised no sound legal basis for withholding the requested documents prior to the taking of deposition testimony.[3]

---

[3] Although the rules pertaining to initial and pretrial *disclosures* allows a party to withhold impeachment evidence, *see* Fed. R. Civ. P. 26(a)(1) and (3), the rules regarding the *discovery* of evidence, *see* Fed. R. Civ. P. 26(b), do not preclude impeachment materials from being subject to a discovery request.  *See* Wright, Miller, Kane, Marcus, & Steinman, *Federal Practice and Procedure* § 2015 (3d ed. 1998) ("[T]he intention of the party from whom discovery is sought to use materials for possible impeachment does not narrow discovery of items that are relevant.  The initial disclosure requirements exclude items that the disclosing party may use "solely for impeachment," but no such categorical limitation applies to material sought through discovery.").

Plaintiff shall supplement her response to Request for Production No. 8 within **14 days** of the date of this Order.

**III.    Conclusion**

**IT IS ORDERED** that the Motion to Compel is **GRANTED IN PART and DENIED IN PART**, and Plaintiff must provide complete responses to the discovery requests, without further objection (with the exception of any objections pertaining to any applicable privileges and/or immunities),[4] no later than **14 days** from the date of this Order.[5]

**IT IS FURTHER ORDERED** that pursuant to Rule 37(a)(5), Plaintiff shall pay Movants a total of $300 for reasonable expenses incurred in bringing the instant motion no later than **30 days** from the date of this Order.

Signed in Baton Rouge, Louisiana, on August 18, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4] *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

[5] Pursuant to General Order 2016-10, all deadlines in this district have been suspended until further order of the court, due to the substantial devastation and flooding affecting the area. As such, this 14 day deadline will not go into effect until the suspension is lifted or unless otherwise ordered by the court.