UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NICHOLE LYNN BAXTER | CIVIL ACTION |
| VERSUS | |
| JASON MICHAEL ANDERSON, ET AL. | NO. 16-142-JWD-RLB |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 10, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**NICHOLE LYNN BAXTER**                                    **CIVIL ACTION**

**VERSUS**

**NO. 16-142-JWD-RLB**

**JASON MICHAEL ANDERSON, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]**

Before the Court is Defendants' Motion to Dismiss for Failure to Comply with a Court Order, or in the Alternative, Motion to Exclude Plaintiff's Vocational Rehabilitation Expert and Economist and Corresponding Claims (R. Doc. 31) filed on March 21, 2017. The motion is opposed.

**I.      Background**

This action involves an automobile accident on March 10, 2015. (R. Doc. 1-9). Nichole Lynn Baxter ("Plaintiff") alleges that she incurred bodily injuries to her neck, back, and body as a whole and seeks recovery for physical and mental damages, medical expenses, loss of enjoyment of life, and lost wages. (R. Doc. 1-9 at 2-3). KLLM Transport Services, LLC and Great Western Casualty Company (collectively, "Defendants") removed the action on March 3, 2016. (R. Doc. 1).

On May 23, 2016, the Court entered a Scheduling Order providing, among other things, the deadline for Plaintiff to provide expert reports on December 30, 2016; the deadline for Defendants to provide expert reports on January 30, 2017; the deadline to complete expert

---

[1] The instant motion seeks various forms of relief, some of which could be considered dispositive of certain matters, such as dismissal of this action. Therefore, the undersigned has prepared this as a report and recommendation. The parties are advised that the standard of review applied by the district judge, however, may be different depending on the nature of relief at issue.

discovery on March 31, 2017; the deadline to file dispositive motions and Daubert motions on June 2, 2017; and for trial to commence on February 5, 2018. (R. Doc. 14).

On December 29, 2016, Plaintiff sought an extension of the expert report deadlines and the deadline to complete expert discovery. Plaintiff sought these extensions on the basis that she was scheduled to undergo cervical disc replacement surgery by the neurosurgeon Dr. Peter Liechty on February 20, 2017. Plaintiff sought a five-month extension of the remaining expert deadlines from the date of her scheduled surgery so that two of her retained experts can provide opinions based on her post-operation health. The first of these experts, Stephanie Chalfin, is a vocational rehabilitation expert who will opine on Plaintiff's vocational and earning capacity, lost earnings, lost ability/time in performing household duties, and to further develop the economic damage portion of her case. The second of these experts, G. Randolph Rice, is an economist who will opine on Plaintiff's lost wages while recovering from surgery and her potential loss of earning capacity. Plaintiff did not seek an extension of the expert report deadline with regard to Michael Gillen, her disclosed accident reconstructionist, on the basis that Mr. Gillen will not be called at trial.

On January 4, 2017, the Court issued an order granting in part and denying in part Plaintiff's motion for extensions. (R. Doc. 28). The Court found good cause to extend the deadlines to provide expert reports and to complete expert discovery, solely with regard to vocational rehabilitation experts and/or economists, as follows:

1. Plaintiff must provide any expert reports by her vocational rehabilitation expert Stephanie Chalfin and/or her economist G. Randolph Rice by **June 30, 2017**.

2. Defendants must provide any expert reports from timely disclosed vocational rehabilitation experts and/or economists by **July 31, 2017**.

3. Expert discovery pertaining to vocational rehabilitation experts and/or economists must be completed by **September 15, 2017.**

2

> 4. Daubert motions regarding Vocational Rehabilitation Experts and/or Economists must be filed by **October 5, 2017.**

(R. Doc. 28 at 4). The Court also ordered Plaintiff's counsel to immediately inform the Court if Plaintiff's surgery scheduled on February 20, 2017 is delayed or cancelled. (R. Doc. 28 at 5).

On March 21, 2017, Defendants filed the instant motion, which seeks dismissal of Plaintiff's claims with prejudice on the basis that Plaintiff failed to comply with the Court's January 4, 2017 Order. (R. Doc. 31). Defendants obtained medical records from Dr. Liechty indicating that Plaintiff did not undergo surgery on February 20, 2017, and that her last date of treatment with Dr. Liechty occurred on June 24, 2016. (R. Doc. 31-3). As Plaintiff's counsel did not inform the Court, as ordered, that the surgery did not occur as scheduled, Defendants "request that pursuant to Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2)(A)(ii)-(vii), and/or 41(b) that Plaintiff's claims against them be dismissed with prejudice, or in the alternative that plaintiff be prohibited from offering evidence or eliciting testimony from her vocational rehabilitation expert and economist and that her claims for lost wages, loss of future earning capacity, and future medical expenses be excluded." (R. Doc. 31-1 at 4-5). In addition, Defendants request "reasonable expenses, including attorney's fees for having to file this motion pursuant to Fed. R. Civ. P. 16(f)(2)." (R. Doc. 31-1 at 5).

In opposition, Plaintiff explains that she intended to use her employer-provided medical health insurance to pay for the surgery and flew from Albany, New York to Baton Rouge, Louisiana the weekend prior to the surgery with the intent to undergo the surgery with Dr. Liechty. (R. Doc. 35 at 1). Plaintiff further explains that after she arrived in Baton Rouge, "she was advised that the medical center who had agreed to permit the surgery[] would no longer accept her medical health insurance." (R. Doc. 35 at 1-2). Plaintiff asserts that she has been

3

working with Dr. Liechty with regard to the insurance issue, and consulted with her other disclosed treating physician, Dr. Kevin McCarthy, during the week of February 20, 2017. (R. Doc. 35 at 2). Plaintiff represents that she intends to proceed with surgery on April 4, 2017 with either Dr. Liechty or Dr. McCarthy, at the Bone and Joint Clinic of Baton Rouge. (R. Doc. 35 at 2). Finally, Plaintiff represents that prior to the filing of the instant motion, Defendants had not contacted her with regard to the status of her care. (R. Doc. 35 at 2).

On April 10, 2017 the Court conducted a telephone conference with counsel to discuss the surgery scheduled for April 4, 2017. (R. Doc. 40). The Court was informed that the surgery was conducted on April 3, 2017 by Dr. McCarthy. (R. Doc. 45).

**II.     Law and Analysis**

A party may move to dismiss an action if the plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b). Moreover, the Court may issue appropriate sanctions if a party fails to obey a pretrial order and/or discovery order. Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(b)(2)(A). The Rules specifically authorize the Court to sanction a party for such violations by dismissing the action or precluding certain evidence from being admitted. *See* Fed. R. Civ. P. 37(a)(2)(A)(ii), (v).

The Court must also impose "reasonable expenses--including attorney's fees--incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

There is no dispute that Plaintiff's counsel failed to comply with the Court's January 4, 2017 Order by not immediately informing the Court that the surgery scheduled on February 20, 2017 was cancelled. The sole issue is whether and to what extent the Plaintiff should be sanctioned for her counsel's failure to comply with the court order.

4

"A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (district court abused its discretion in dismissing action). Here, there is no clear record of purposeful delay or contumaciousness, and lesser sanctions have not yet been issued. In addition, regardless of how the failure to comply is characterized, the sanction of dismissal is not justified. Accordingly, dismissal with prejudice is inappropriate.

Similarly, the exclusion of Plaintiff's expert testimony from her vocational rehabilitation expert and economist and that her claims for lost wages, loss of future earning capacity, and future medical expenses is unwarranted. Whether a district court abuses its discretion for excluding expert testimony as a sanction for violation of a discovery ordered is determined by the following four factors: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony." *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.,* 73 F.3d 546, 572 (5th Cir. 1996)). Here, Plaintiff has explained why the surgery scheduled for February 20, 2017 did not occur. While Plaintiff has offered no explanation why her counsel failed to inform the Court that the surgery had been cancelled, it is unclear how Defendants have been prejudiced by that fact. Neither party has suggested that the remaining expert deadlines in place cannot be met in light of the surgery that occurred on April 3, 2017. Finally, there is no dispute that it is important to Plaintiff to have a vocational rehabilitation expert and economist opine on Plaintiff's damages after Plaintiff has undergone surgery and has had an opportunity to heal.

Given the procedural posture of this action, and the representations of the parties, the Court concludes that Plaintiff counsel's failure to inform the court that Plaintiff's surgery set for February 20, 2017 had been cancelled and reset in light of certain insurance-related issues does not warrant sanctions at this time.

Nevertheless, because there is no dispute that Plaintiff's counsel violated the Court's January 4, 2017 Order, the Court must determine whether an award of reasonable fees for bringing the instant motion is warranted pursuant to Rule 16(f)(2). Having reviewed the recorder, the Court concludes that an award of fees would be unjust. Prior to filing the instant motion, defense counsel could have easily contacted Plaintiff's counsel to determine the reason why the surgery had not occurred. Such a conversation may have precluded the perceived need to file the instant motion. Plaintiff's counsel is cautioned, however, that failure to comply with this Court's orders in the future may result in sanctions and/or imposition of attorney's fees.

### III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that KLLM Transport Services, LLC and Great Western Casualty Company's Motion to Dismiss for Failure to Comply with a Court Order, or in the Alternative, Motion to Exclude Plaintiff's Vocational Rehabilitation Expert and Economist and Corresponding Claims (R. Doc. 31) be **DENIED**.

Signed in Baton Rouge, Louisiana, on April 10, 2017.

　　　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**