**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

NICHOLE LYNN BAXTER

VERSUS

JASON MICHAEL ANDERSON, ET AL.

CIVIL ACTION

NO.: 16-142-JWD-RLB

**RULING AND ORDER ON DEFENDANT'S MOTION
AND ORDER TO EXCLUDE TRAFFIC CITATION EVIDENCE**

Before the Court is the Motion in Limine to Exclude Traffic Citation Evidence by KLLM Transport Services LLC ("KLLM") and Great West Casualty Company ("Great West"; collectively "Defendants"). (Doc. 30.) The motion is opposed by plaintiff Nicole Lynn Baxter ("Plaintiff" or "Baxter"). (Doc. 33.) Defendants filed a reply brief. (Doc. 41.) For the reasons which follow, Defendants' motion is granted in part and deferred in part.

**I.    BACKGROUND AND ARGUMENTS OF THE PARTIES**

This case arises out of an automobile accident which occurred in West Baton Rouge Parish on March 10, 2015 between an 18 wheel tractor-trailer owned by KLLM and being driven by its employee Jason Anderson ("Anderson"), and a motor vehicle being driven by Plaintiff. (*See* Doc. 30-1 at 1-2 and Doc. 33-2, Ex. A attached thereto, as well as Doc. 33-1 at 1–2.) Plaintiff alleges Anderson negligently drove his tractor/trailer onto the shoulder of the highway and then negligently collided with Plaintiff's vehicle traveling in the same direction. (Doc. 33-1 at 1–2.) Liability is disputed.

Following the accident, Port Allen police officer Reginald Mims issued a citation to Anderson for a violation of "La. R.S. 32:74(B) Driving on Shoulder of Road"[1].(Doc. 33-3 at 2.)

---

[1] La. Rev. Stat. § 32:74.B allows a motorist to overtake a vehicle on the right "only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main traveled portion of the highway."

The certified minutes of the Port Allen City Court show that Anderson pled guilty to "La. R.S. 32:296, Driving on Shoulder,"[2] (Doc. 33-3 at 1) and paid the ticket. (Doc. 30-1 at 2; Doc. 33-3 at 3-4.)

Defendants seek to exclude evidence of the citation and Anderson's payment of the ticket. Defendants argue that Louisiana law controls the issue of whether the citation or Anderson's payment of the ticket is admissible. (Doc. 30-1 at 4–5 (citing *Conway v. Chemical Leaman Tank Lines, Inc.*, 540 F.2d 838 (5th Cir. 1976).) Plaintiff does not disagree. (Doc. 33-1 at 3–4 (citing Louisiana cases in support of its position on the motion).) Defendants argue that Anderson paid the ticket in order to avoid the inconvenience and cost of returning to Louisiana, some 700 miles from his home, and therefore the ticket does not constitute a guilty plea and is not admissible against him. (Doc. 30-1 at 6–7 (citing *Maricle v. Liberty Mut. Ins. Co.,* 04-1149 (La. App. 3 Cir. 3/2/05); 898 So. 2d 565, 572, and *Iglinsky v. Player*, No. 08-650, 2010 WL 4925000, at *6 (M.D. La. July 16, 2010), *report and recommendation adopted*, No. 08-650, 2010 WL 4905984 (M.D. La. Nov. 24, 2010)).) Even if admissible, Defendants contend that the probative value is outweighed by its prejudicial effect. (Doc. 30-1 at 7-8 (citing *Phillips v. Roofers Mart Southeast, Inc*. No. 09-3691, 2010 WL 4924769 (E.D. La. Nov. 29, 2010)).)

Plaintiff responds that Anderson *did* plead guilty (citing to Doc. 33-3, the certified minutes from Port Allen City Court) and that said "guilty plea can be deemed an admission against interest relevant to show fault in a civil action arising from the accident." (Doc. 33-1 at 3 (citing *Shephard ex. rel. Shephard v. Scheeler*, 96-1690 (La. 10/21/97); 701 So. 2d 1308, 1319; *Romano v. Altentaler*, 2011-0303 (La. App. 1 Cir. 9/14/11); 77 So.3d 282; *American Med.*

---

[2] The Minutes of the City Court of Port Allen show that Anderson "pled guilty to [La. R.S.] 32:296, DRIVING ON SHOULDER." (Doc. 33-3.) To further confuse the issue, these same minutes show that "Charge of 32:296 was amended to 32:1304, Expired MVI." (*Id*.)

2

*Enters., Inc. v. Audubon Ins. Co.*, 05-2006 (La. App. 1 Cir. 6/08/07); 964 So. 2d 1022, 1029; and *Harris v. Dunn*, 45,619 (La. App. 2 Cir. 9/22/10); 48 So. 3d 367, 372).) In any event, Plaintiff should be allowed to impeach his testimony with the ticket, in the event Anderson denies fault in his sworn testimony, as Plaintiff expects. (Doc. 33-1 at 4.)

In their Reply Memorandum, Defendants repeat earlier arguments but, in addition, maintain that the records of the City Court of Port Allen show that Anderson pled guilty only to La. Rev. Stat. § 32:1304, "EXPIRED MVI." (Doc. 41 at 2-3 (citing to Doc. 33-3 at 1).)

## II. ANALYSIS

Both sides agree that Louisiana law controls the issues before the Court. Under Louisiana law, it is clear that Officer Mims' citation to Anderson is not admissible. *Ruthardt v. Tennant*, 215 So. 2d 805, 807–808, 252 La. 1041, 1047 (La. 1968). Plaintiff does not argue otherwise. This part of Defendants' motion is granted.

The issue of Anderson's payment of the ticket is more problematic. Plaintiff is correct that a guilty plea is an admission against interest that is relevant to proving fault in a civil case. *Shephard ex. rel. Shephard*, 701 So. 2d at 1308; *Romano*, 77 So.3d 282; *Am. Med. Enters., Inc.*, 964 So. 2d at 1029; *Harris*, 48 So. 3d at 372. Even though the expressed reason for pleading guilty and paying the ticket may be "to avoid going to court and [his] intent was not to admit guilt of the action alleged . . ." this is nonetheless considered an admission although it is not conclusive on the issue of fault. *Hopkins v. Nola*, 46,114 (La. App. 2 Cir. 3/9/11); 58 So. 3d 1075, 1078, 1081 n.2.

However, payment of the fine alone without more may not necessarily be considered a guilty plea. *See, e,g., Snider v. N.H. Ins. Co*., No. 14-2132, 2016 WL 3278865 (E.D. La. June 15, 2016) (distinguishing *Hopkins* "because in *Hopkins*, the plaintiff herself paid the traffic citation

3

she received…" whereas, in *Snider*, the defendant's daughter paid it for him while he was hospitalized.); *Maricle*, 898 So.2d at 572; *Iglinsky*, 2010 WL 4925000, at *6.

Here, the evidence is confusing and contradictory. In his affidavit, Anderson maintains he paid the fine for convenience only. (Doc. 30-1, Ex. B.) The citation itself shows he was cited for violating La. Rev. Stat. § 32:74(B), (Doc. 33-3 at 2) but the certified minutes of the Port Allen City Court (Doc. 33-3 at 1) shows "Defendant pled guilty to 32:296[3] at the traffic violation bureau. Defendant waived right to trial." Other records seem to confirm this is why he paid the fine. (Doc. 33-3 at 3.) This suggests that it was indeed Anderson's intent to plead guilty. Yet, Doc. 33-3 at 1 also shows that "charge of 32:296 was changed to 32:1304" (expired inspection sticker).

It is impossible on this record to resolve these conflicts in the evidence. The Court will defer this part of Defendants' motion to a hearing to be held on the morning of trial outside the presence of the jury. If the Plaintiff is able to show that Anderson pled guilty to either La. Rev. Stat. § 32:74(B) or La. Rev. Stat. § 32:296, the evidence will be admitted. If the Plaintiff is unable to show that Anderson pled guilty to any offence or to an expired motor vehicle inspection sticker, the evidence will be excluded.

Accordingly, Defendants' motion to exclude evidence of the citation issued to Anderson is granted; Defendants' motion to exclude evidence of his payment of the citation is deferred until trial.

### III.     CONCLUSION

Accordingly,

---

[3] La. R.S. 32:296 prohibits driving on the shoulder of a highway.

**IT IS ORDERED** that the Motion in Limine to Exclude Traffic Citation Evidence (Doc. 30) by Defendants KLLM Transport Services LLC and Great West Casualty Company is **GRANTED IN PART** and **DEFERRED IN PART**. The motion is **GRANTED** in that evidence of the citation issued to Anderson shall be **EXCLUDED**. The motion is **DEFERRED** with respect to evidence of his payment of the citation.

Signed in Baton Rouge, Louisiana, on June 1, 2017.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**