UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NICHOLE LYNN BAXTER        CIVIL ACTION NO.: 3:16-cv-142

VERSUS

JUDGE JOHN W. DEGRAVELLES

JASON MICHAEL ANDERSON
KLLM TRANSPORT SERVICES, L.L.C.
AND GREAT WEST CASUALTY        MAG. RICHARD L. BOURGEOIS, JR.
COMPANY

JURY TRIAL

---

**OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE "REPTILE THEORY" TESTIMONY, ARGUMENT, EXHIBITS OR OTHER EVIDENCE**

---

**MAY IT PLEASE THE COURT:**

Defendants claim that counsel for Petitioner intends to raise improper argument or utilize improper persuasive "strategies" at trial based upon the theories outlined by a trial advocacy book written by David Ball and Don Keenan, entitled: *Reptile: The 2009 Manual of the Plaintiff's Revolution.* Defendants' argument in support of their Motion is based upon a mischaracterization of the Reptile book and misstatements of Louisiana and Federal law. Defendants seek to restrict how Petitioner practices law, including how to handle the various phases of trial for this case, and to control what phrases and/or arguments can be utilized by counsel for Petitioner at trial. Defendants' Motion fails for the following reasons:

I.        Defendants' arguments as to "Reptile Strategy" are vague, ambiguous and are largely based on the Defendants' subjective belief of what constitutes "Reptilian Strategy." Theoretically, Defendants could object to any word, sentence or phrase, arguing that the language utilized is inflammatory and founded in "Reptilian Strategy." Defendants' request is

not founded in Louisiana law and provides no objective measure for this Honorable Court to distinguish what language or phrases, or evidence should be permissible or improper.

Moreover, this Court is not governed by a trial advocacy book. Jury trials in this matter shall be governed by the Federal Code of Civil Procedure, the Federal Code of Evidence, the Constitution of the United States and that of Louisiana. This court will also take notice of Louisiana statutory and codal law and the Rules of Ethics and Professional Conduct in ensuring any and all jury trials held before this Court are consistent with the laws of this State and Federal law. Counsel for Petitioner shall conduct herself in compliance with these rules, and expect defense counsel to do the same.

II.     Defendant misstates and mischaracterizes Louisiana law on "Golden Rule" arguments. Golden rule arguments are specifically those that ask the jury to render a verdict by imaging themselves in the place of the injured party.

III.    Reference to safety or safety rules does not constitute golden rule arguments. Rather, these terms are part of establishing the standard of care involving negligence.

IV.     Referring to the jury as the conscience of the community is not a golden rule argument. The role of the jury in a civil trial is to act as representative of the community and to speak on behalf of the community in determining the unreasonableness of a defendant's conduct. The Louisiana Supreme Court, itself, and many federal courts have referred to the jury in civil trials as the "conscience of the community."

V.      Defendants' Motion *in Limine* is devoid of supporting legal authority, including case law, to support the relief requested in their motion to exclude any and all reference to "reptilian" trial tactics and evidence.

**LEGAL ARGUMENT:**

**I.    DEFENDANTS CHARACTERIZATION OF REPTILIAN STRATEGY IS VAGUE, AMBIGUOUS AND BASED IN DEFENDANTS SUBJECTIVE INTERPRETATION OF DAVID BALL AND DON KEENAN'S BOOK: REPTILE: THE 2009 MANUAL OF THE PLAINTIFF'S REVOLUTION**

Defendants' Motion *in Limine* seeks to preclude counsel for Petitioner from using an undefined, ambiguous array of unspecified trial techniques labeled by Defendants as "Reptile Strategy." Defendants' definition of what is, or is not part of the "Reptile Strategy" is entirely subjective. Arguably, any trial technique, any word, phrase, or exclamation could be perceived by the Defendant as "Reptile Strategy." It is impossible and would be unduly burdensome for this Court to classify a word, phrase or group of words as "reptilian" and limit their use for trial purposes as the impact of words is largely dependent on their organization and the manner and means in which those words are perceived by jurors. It would be a near impossibility for Petitioner to present her case in a way which would not violate the "moving target" of Defendants' subjective concept of reptilian strategy, as to what is proper or improper.

Defendants seek to prevent counsel for Petitioner from advocating for the interests of Ms. Baxter and limit Petitioner's use of trial strategies based on Defendants' subjective interpretation of a trial advocacy book written by David Ball and Don Keenan: *Reptile: The 2009 Manual of the Plaintiff's Revolution.* It is unclear as to whether defendants seek to prevent counsel for plaintiff from utilizing trial strategies outlined in Ball and Keenan's ten other publications, as well. For example, Don Keenan published a book in 2012 entitled: *The Keenan Edge.* Part 2 and 3 of *The Keenan Edge* were subsequently published by the author. Ball and Keenan published a book entitled: *Reptile in the Mist (and Beyond)*, which hit store shelves in January 2013.

3

Counsel for Petitioner has read many books and articles on trial advocacy, jury psychology and is familiar with strategies utilized by the defense bar and those utilized by the plaintiff's bar. Counsel for Petitioner has obtained a certificate from the National Institute of Trial Advocacy. A fusion of trial strategies utilized in other trial advocacy programs and books can be found in defendants' definition of "reptilian" trial tactics. How can defendants' reasonably request that this court parse and define every sentence, question, line of testimony or argument as being "reptilian" or something else? Furthermore, it is not for defense counsel to say which trial strategies outlined in books or articles that counsel for Petitioner may reference in implementing trial strategy.

To illustrate the absurdity of Defendant's Motion, Petitioner could file a Motion *in Limine* seeking to preclude the defendants from utilizing trial techniques espoused by the Defense Research Institute (DRI), which were developed to establish techniques to prey on juror's fears about the need for tort reform and the alleged negative effects of personal injury and medical malpractice cases on the insurance and health care industries. These ideas and strategies are contained in thousands of pages of documents and workshop materials, which has been passed around the defense bar in every jurisdiction in America. Like the pending motion *in limine* filed by defendants, such a motion, if filed by Ms. Baxter, would be entirely unworkable and a waste of time.

This court as well as other Louisiana federal and states courts have not governed how trials proceed in their courtrooms or the admissibility of evidence by consulting publications produced by trial consultants or other persons who have an opinion as to how evidence or arguments will affect a jury. The standard of admissibility is soundly based in the Federal Rules of Civil Procedure, Federal Rules of Evidence, applicable state statutes, code articles and

supporting, interpretive case law.  Any and all arguments or advocacy techniques are appropriate so long as they are consistent with Louisiana state and federal law and rules of evidence. Defendant will have ample opportunity to refute Petitioner's use of any and all words or terms like "safety rules" at trial through the *voir dire* process, their own expert witnesses, and by virtue of cross examination.  Defendants will also have ample opportunity to object if they believe any words or arguments presented by Petitioner are improper or violative of governing rules.

Finally, Petitioner's counsel's trial strategy is not a proper subject for a motion *in limine*, as it is not subject to disclosure. The Louisiana Civil Code and federal law protects against disclosure of the mental impressions, conclusions, opinions, legal theories, and work product of an attorney or other representative of a party.[1] Neither this court nor defense counsel is privy to Petitioner's counsel's trial strategy, nor can Petitioner be compelled to reveal the same in accordance with applicable law unless defendants can show undue prejudice.  This Court will be in the best position to make an informed decision on issues that become relevant when specific evidence is proffered or when improper statements are made during the course of trial, upon proper objection. For these reasons, the defendants' request is, at the very least, premature and should be denied.

## II.    GOLDEN RULE ARGUMENTS ARE THOSE THAT ASK THE JURY TO REACH A    VERDICT BY IMAGINING THEMSELVES IN THE PLACE OF THE   INJURED PARTY

The "Golden Rule" argument is defined as:

A jury argument in which a lawyer asks the jurors to reach a verdict by imagining themselves or someone they care about in the place of the injured plaintiff or crime victim. Because golden-rule arguments ask the jurors to become advocates for the plaintiff or victim and or ignore their obligation to exercise calm and reasonable

---

[1] LSA–C.C.P. art. 1424*; Ryan v. Case New Holland, Inc.*, 211 Sp.3d 611, 629 (La App. 2 Cir 2016); *Cooper v. Public Belt R.R.*, 839 So.2d 181, 184 (La. App. 4 Cir. 2003); *Whitaker v. Peterbilt of Louisiana, L.L.C.*, 2013 WL 3843552, *5 (La. App. 1 Cir 2014).

judgment, these arguments are widely condemned and are considered improper in most states.[2]

Remarks which are not supported by the evidence and which are designed to appeal to the jury's prejudice or passion such as the golden rule argument are improper.[3] The threshold question is whether or not it is "more than reasonably probable" that the remarks influenced the verdict.[4]

Louisiana, like many states, follows a differing, wide-latitude rule which looks to the overall argument, grants the trial court vast discretion, and avoids bright line rules.[5] No Louisiana case has ever directly addressed a conscience of the community argument, but guidance can be derived from Louisiana's much freer allowance of related "Golden Rule" arguments, limiting the bar to compensatory damage arguments only.[6] The Louisiana Third Circuit was faced with a strikingly similar contention involving the Golden Rule, alleged appeal to local prejudice, and exemplary damages in *Tingle v. Am. Home Assur. Co.,* 10-71 (La. App. 3d Cir. 6/2/10), 40 So. 3d 1169.

As will be demonstrated in the following sections, referring to safety or safety rules does not constitute a golden rule argument. Referring to the jury as the conscience of the community

---

[2] Black's Law Dictionary, 700 (7th Ed. 1999).

[3] *Draper,* at 95; *Millen v. Miller,* 224 Pa.Super. 569, 308 A.2d 115, 117 (1973).

[4] *Stanton by Brooks v. Astra Pharmaceutical Products,* 718 F.2d 553, 579 (3d Cir.1983). *See also State v. Taylor,* 669 So. 2d 364 (La. 1996).

[5] Other jurisdictions that have addressed a conscience of the community concept widely diverge. For example, California has approved the *trial court* so instructing, *Walker v Signal Cos.,* 149 Cal. Rptr. 119 (Cal. Ct. App. 4th Dist. 1978), while Florida has experienced great controversy as whether to enact bright line rules or grant the trial court vast discretion. *See,* Hon. Larry A. Klein, *Allowing Improper Argument of Counsel to Be Raised for the First Time on Appeal as Fundamental Error: Are Florida Courts Throwing out the Baby with the Bath Water?* 26 FLA. ST. U. L. REV. 97 (1998). However, even Florida allows conscience of the community arguments in punitive damages cases. *Id.* at n.56. This divergence shows that the matter is best deferred to the actual forum's trial practice. The analysis also must account for the fact that according to the federal courts, juries are *supposed to* serve as the conscience of the community. *U.S. v. Olson,* 473 F.2d 686 (8th Cir. 1973), *cert. den.* 412 U.S. 905, 36 L. Ed. 2d 970, 93 S. Ct. 2291.

[6] *Young v. Armadores De Cabotaje, S.A.,* 90-1107 (La. App. 4th Cir. 3/31/93), 617 So. 2d 517, *writ den.* 93-1592 (La. 10/1/93), 625 So. 2d 171, *rev'don other grounds,* 512 U.S. 1216, 114 S. Ct. 2701, 129 L. Ed. 2d 830 (1994); *Duerden v. PBR Offshore Marine Corp.,* 471 So. 2d 1111 (La. App. 3d Cir.1985).

does not constitute a golden rule argument, nor does referring to the range of harms that could occur from defendants' negligent conduct. Courts across this great nation have held that asking the jury to send a message based on the evidence does not constitute a golden rule argument, and has been approved by many courts.

III.    **REFERENCE TO SAFETY OR SAFETY RULES DOES NOT CONSTITUTE A VIOLATION OF THE GOLDEN RULE STANDARD AS IT RELATES DIRECTLY TO DEFINING THE APPLICABLE STANDARD OF CARE**

The defendants have cited no authority that precludes a witness or attorney from referring to safety rules. Petitioner maintains the burden in an action for negligence of showing the standard of care that the defendants were required to follow, that they breached the standard of care, and that the breach was the cause of Petitioner's damages. Petitioner intends to introduce evidence of road rules, the testimony of the investigating officer, photographs, and other evidence to establish that the applicable standard of care was breached by the defendants. Such evidence is clearly relevant and admissible, as are arguments regarding same. The term "standard" and "rules" are synonymous; questions regarding the standard or rules for safety during the discovery process, during *voir dire* and/or during argument is proper.

Counsel for Petitioner is unclear how her questions pertaining to perceived safety standards threaten to "re-define the applicable standard of care," as suggested by defendants. The Louisiana duty-risk analysis in determining liability requires a Petitioner prove five separate elements: 1) that the defendant had a duty to conform his or her conduct to a specific standard of care; 2) that the defendant failed to conform his or her conduct to the appropriate standard of care; 3) that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; 4) that the defendant's conduct was a legal cause of the plaintiff's injuries; and 5) actual damages.[7]

_____

[7] *Christy v. McCalla*, 2011-0366 (La. 12/6/11), 70 So.3d 293.

In the instant matter, defendant's tractor-semitrailer was illegally stopped on the eastbound shoulder of Commercial Drive.  Multiple "no parking signs" were posted along the eastbound shoulder of Commercial Drive, including the location where defendant tractor-semitrailer was stopped.  Evidence will show that defendant driver proceeded to drive the defendant tractor-semitrailer on the shoulder when suddenly, and without warning, he proceeded to make a left hand turn from the shoulder across the eastbound lane of Commercial Drive with the intention of turning into a private lot located next to the westbound lane of Commercial Drive.  Questions concerning the potential location where defendant driver could have parked his vehicle, where he ultimately parked his vehicle, and the safety of such options lends itself to establishing the defendant's conduct relative to the standard of care pertinent to this matter.  It's a far cry to parallel a simple question directed to the defendant as to whether parking at a docking station versus parking on the shoulder was more secure as compared to a question or statement suggesting the defendant driver was "needlessly endangering the public."

Not only is it proper for Petitioner's witnesses to discuss safety rules, but it is also proper for counsel for Petitioner to discuss them in *voir dire* and argument.  The right of an attorney to discuss the merits of a case in jury argument is very wide, and counsel has the right to state fully his/her views as to what the evidence shows and as to the conclusions to be fairly drawn from the evidence. While the defendants may disagree with Petitioner's view, it is ultimately for the jury to decide what conclusions to draw.

## IV.   "CONSCIENCE OF THE COMMUNITY" ARGUMENTS ARE NOT VIOLATIVE OF THE GOLDEN RULE

The defendants argue that references to personal, community or public safety are just thinly veiled improper "golden rule" arguments. The defendants are wrong on all points.

Petitioner does not intend to ask the jury to place themselves in her position. However, it is not improper to remind the jury of its role as the conscience of the community.[8]  Reminding the jury of its proper role and asking jurors to think about the consequences of their decision is not the same as asking them to place themselves in Petitioner's shoes and return a favorable verdict on that basis.[9]  Petitioner cannot urge jurors to make a decision on an improper basis; rather, to make a decision based on the evidence and to reach a verdict that will protect the community.[10]

## V.    DEFENDANTS' MOTION IN LIMINE IS DEVOID OF SUPPORTING LEGAL AUTHORITIES AND CASELAW

Defendants cite Rule 403 of the Federal Rules of Evidence in support of their motion seeking to exclude language, argument or, evidence smelling of "reptilian" tactics.

Rule 403 states that a federal court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[11]  The construction of Rule 403 in the Federal Rules of Evidence utilizes the term "may," which emphasizes the discretion of the Court in determining what evidence is more prejudicial than probative.   Rule 403 is primarily concerned with "unfair prejudice" imposed by a particular piece of evidence, which one court has termed as prejudice caused by

---

[8] E.g., United States v. Solivan, 937 F.2d 1146, 1151 (6th Cir. 1991)("Unless calculated to incite the passions and prejudices of the jurors, appeals to the jury to act as the community conscience are not pre se impermissible.)(citation omitted); United States v. Kopituk, 690 F.2d 1289, 1343-43 (11th Cir. 1982)(accord); United States v. Lewis, 547 F.2d 1030, 1036 (8th Cir. 1976)(accord); People v. Harlan, 8 P,3d 448, 508 (Colo. 2000)("It is not error for a prosecutor [in a criminal case] to refer to the jurors as the 'conscience of the community.")(citation omitted)(overruled on other grounds by People v. Miller, 113 P.3d 743 (Colo 2005). See also, Witherspoon v. Illinois, 391 U.S. 510, 519 (1968)(recognizing a jury's role as the conscience of the community); United States v. Spock, 416 F.2d 165, 182 (1st Cir. 1969)(accord).

[9] See, e.g., State v. Daniels, 737 S.E.2d 473, 475 (S.C. 2012)("A charge that the jury is acting for the community…is not similar to a Golden Rule argument that in that it does not ask the jury to consider the victim's perspective.")

[10] RESTATEMENT (SECOND) OF TORTS §283 cmt c (emphasis added). See also 295A cmt. b & c (conformance to a custom may imply conformance to a community standard of reasonable care, but custom cannot establish a standard at the expense of the rest of the community").

[11] Fed. R. Evid Rule 403.

evidence of "scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect."[12]  As no specific evidence or evidentiary documentation has been referenced by defendants, it is impossible for this Court to determine whether certain documents or things or evidence which may be produced at the time of trial may qualify as "reptilian," or more importantly, unduly prejudicial.

Defendants misstate the purpose of the 59-page appendix contained in Ball and Keenan's publication.  The 59-page appendix entitled "Appendix B-1" contains a list of holdings in courts in every state in this nation which considered "Golden Rule Law by Venue." For example, in *Duerden v. PBR Offshore Marine Corp.*, 471 So.2d 1111 (La. 1985), plaintiff sought appeal, assigning error to defense counsel's use of the "golden rule argument" over plaintiff's objection.

The petitioner argued that defendant's argument violated the Golden Rule was as follows:

"... Common sense tells you, ladies and gentlemen, that if a floor is wet and you just finished soaking it down you don't sit there and go back in there. You wait until it dries. And he didn't do that. And if that's not contributory negligence I don't know what is. I put the water there; I slip and fall in it. *If somebody does that on your property, they put something slippery and they slip and fall in it, do you become automatically responsible just because they did something wrong?* No. The court is going to look to ..."

The Louisiana Supreme Court reviewed the Fifth Circuit's holding in *Burrage v. Harrell,* 537 F.2d 837 (5th Cir.1976) for guidance:

"Appellant asserts that the trial court erred in overruling her objection to appellee's alleged 'golden rule' closing argument. Appellant's reliance on the 'golden rule' cases is misplaced: they deal with arguments in which the jury is exhorted to place itself in a party's shoes *with respect to damages. See, e.g., Skaggs v. J.H. Rose Truck Line, Inc.,* 435 F.2d 695 (5th Cir.1970); *Har-Pen Truck Lines, Inc. v. Mills,* 378 F.2d 705, 714 (5th Cir.1967). The rationale for prohibiting such an argument is that the jury's sympathy will be unfairly aroused, resulting in a disproportionate award of damages, e.g., id.; *Baron Tube Co. v. Transport Insurance Co.,* 365 F.2d 858, 862 (5th Cir.1966)."

---

[12] *United States v. Roark,* 753 F.2d 991, 994 (quoting *United States v. McRae,* 593 F.2d 700, 707 (5th Cir.), *cert. denied,* 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979)), *reh'g denied,* 761 F.2d 698 (11th Cir.1985); *see also* 5 K. Tegland, *Wash.Prac., Evidence* § 106, at 349 (3d ed. 1989); *State v. Rice,* 48 Wash.App. 7, 13, 737 P.2d 726 (1987) (in determining prejudice, the linchpin work is "unfair").

The Supreme Court of Louisiana held that "the defense counsel's arguments were directed to the reasonableness of some action taken by the plaintiff rather than directed to the issue of damages." Accordingly, the court found "no prejudicial error in the defendants' use of a 'golden rule argument' in the context in which it was used."

Defendants specifically reference the holdings of *State v. Holmes*, 122 Wn.App. 438, 93 P.3d 212 (Ct App.  Wash 2004), *Danner v. Mid-State Paving Co.*, 252 Miss 776, 173 So.2d 608, 614 (1965); *Leach v. Metzger*, 241 Md. 533, 217 A.2s 302, 304 (1966); and *Lopez v. Langer,* 114 Idaho 873, 761 P.2d 125 (1988) to demonstrate "irony," as it is the position of the defendants that attorneys applying "reptilian" methods seek to instill fear, emotion, and their personal desires on jurors. However, defendants' reliance on and in support of arguments seeking to preclude "reptilian" references is misplaced as the referenced cases, other than *State v. Holmes*, are also cited alongside *Duerden* in "Appendix B-1" in the publication referenced by defendant, as examples of occasions when courts considered whether language used at the time of trial was violative, or not.

Although counsel for plaintiff cannot read the minds of the authors of Ball and Keenan, it would make sense for the authors to provide examples as to how courts have interpreted the Golden Rule in the past, so as to offer a guide to the reader who elects to learn to argue properly, ethically and within the confines of applicable rules.  Defense counsel improperly attempts to align "Golden Rule" violations with "Reptilian" tactics without proper support demonstrating the same, and furthermore; admonishes the authors for referencing cases which report court holdings dealing with arguments allegedly violative of the Golden Rule.

Even defendants' Exhibit B, which represents an Order on a Motion *in Limine* involving a case pending in the Superior Court of the State of Washington for King County, fails to support

a ruling in favor of defendants' motion in this case. The Superior Court of the State of Washington granted a limited restriction, preventing Petitioner from producing argument suggestive that the defendant "presented in the past, or currently presents, a safety threat to society or to the jurors or jurors' families." With that limited restriction in place, the Superior Court of the State of Washington reserved the right to rule on improper arguments for trial. Unlike the Superior Court of the State of Washington, defendants in the case at bar have not listed any specific arguments, statements, words, phrases or evidence which it desires to limit from the jury. Instead, defendants request this court issue an order *in limine* precluding defendants subjective interpretation of reptilian tactics from trial. As the defendants request is vague, ambiguous, impossible to implement, and for any and all other reasons mentioned above, defendants request should be denied.

Respectfully submitted:

**GORDON McKERNAN INJURY ATTORNEYS**

  *s/ Anne Marie Muller-McCrary*
ANNE MARIE MULLER-McCRARY (#32908)
5656 Hilton Avenue
Baton Rouge, LA 70809
Phone:  (225) 923-4046
Facsimile:  (225) 926-1202
anneMarie@getgordon.com
*Attorney for Nichole Baxter*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 11th day of July, 2017, at their last known address of record.


  *s/ Anne Marie Muller-McCrary*
**Anne Marie Muller-McCrary**