UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

NICHOLE LYNN BAXTER

VERSUS

JASON MICHAEL ANDERSON, ET AL.

CIVIL ACTION

NO.: 16-142-JWD-RLB

## RULING AND ORDER

Before the Court is the motion of defendants KLLM Transport Services, LLC and Great West Casualty Co. ("Defendants) to exclude the testimony of two experts listed by plaintiff Nicole Lynn Baxter ("Plaintiff"): vocational rehabilitation expert Stephanie Chalfin and economist G. Randolph Rice. (Doc. 68.) Defendants also ask that Plaintiff's claims for lost wages, loss of future earning capacity and future medical expenses be dismissed and that Defendants be awarded attorney's fees and costs. (*Id.*) The motion is opposed in part. (Doc. 69.) For the reasons which follow, the motion is denied in part as moot and the remainder of the motion is simply denied.

With respect to the challenge to Chalfin and Rice, Defendants argue that because Plaintiff failed to timely file expert reports for either expert, neither expert should be allowed to testify. (Doc. 68-1 at 4-7.) While Defendants' motion also asks that the wages, earnings capacity and medical expenses claims be dismissed (Doc. 68 at 1), their memorandum does not support this request.

Plaintiff represents that she "does not plan to call [either expert]…as the facts of this case do not necessitate either a vocational rehabilitation expert or economist." (Doc. 69 at 1.) Therefore, the Court denies this portion of the motion as moot.

1

As to Plaintiff's wages and medical expenses claims, Plaintiff argues she underwent a two level cervical disc replacement as a result of the accident, has incurred medical expenses as a result of this injury and will likely incur additional expenses before fully recovering. (Doc. 69 at 2.) Furthermore, Plaintiff urges that because of the accident, she has been unable to work at her job, has lost earnings, and at least for some period of time in the future, will lose additional earnings. (*Id.*) Without citation of authority, she argues that none of the damages sought to be excluded require expert testimony. (*Id.*, at 3-4.)

Clearly no expert is required for Plaintiff to establish her past lost wages and past medical expenses. This can be done with a knowledgeable fact witness and supporting documentation.

The Court notes, however, that with respect to proving a future loss of earnings capacity claim, neither vocational rehabilitation expert testimony nor economic expert testimony is required. *Barocco v. Ennis, Inc.*, 100 F. App'x. 965, 968 (5th Cir. 2004); *Rea v. Wisconsin Coach Lines, Inc.*, No. 12-1252, 2014 WL 5039591 at *4 (E.D. La. Oct. 8, 2014); *McLeod v. New Orleans Belt Railroad Commission*, No. 10-1907, 2013 WL 322109 at *5 (E.D. La. Jan. 28, 2013); *Barclay v. Cameron Charter Boats, Inc.*, No. 09-462, 2011 WL 3468380, at *4 n.1 (W.D. La. Aug. 8, 2011). "In short, all that Louisiana law requires a plaintiff to show in order to receive an award for loss of future earning capacity is 'medical evidence which at least indicates there could be a residual disability causally related to the accident." *Barrocco*, 100 F. App'x. at 968 (quoting *Bize v. Boyer*, 408 So. 2d 1309, 1311–12 (La. 1982)). Furthermore, lay testimony as well as other items, such as actuarial tables, may be introduced to support the loss of earning capacity claim. *Id.*

For the loss of earning capacity claim, what Baxter previously earned is not the issue and the claim does not necessarily involve mathematical calculations.

> **What plaintiff earned before and after the injury does not constitute the measure. Even if he had been unemployed at the time of the injury he is entitled to an award for impairment or diminishment of earning power.** And while his earning capacity at the time of injury is relevant, it is not necessarily determinative of his future ability to earn. [(citation omitted)] Damages should be estimated on the injured person's ability to earn money, rather than what he actually earned before the injury. . . .
>
> **Earning capacity in itself is not necessarily determined by actual loss; damages may be assessed for the deprivation of what the injured plaintiff could have earned despite the fact that he may never have seen fit to take advantage of that capacity.** The theory is that the **injury done him has deprived him of a capacity he would have been entitled to enjoy even though he never profited from it monetarily**.

*Fecke v. Bd. of Supervisors of Louisiana State Univ*, 2015-1806 (La. 9/23/16), -- So. 3d ---, 2016 WL 5390302 at *21-22, *modified on reh'g sub nom. Fecke v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, 2015-1806 (La. 10/19/16) (quoting *Folse v. Fakouri*, 371 So.2d 1120, 1123–24 (La. 1979) (emphasis added by *Fecke* court)).[1]

---

[1] Even as to future lost earnings, there is economic and jurisprudential support for calculating this item of damage by simply multiplying earnings time work life expectancy, the "total offset method," sometimes called the "Alaska Rule." This methodology for determining future earnings calls for inflation to be offset by the discount rate, arguably a convenient and economically sound way to project future lost earnings. This method has been approved by some Louisiana courts. *Schwamb v. Delta Airlines, Inc.*, 516 So.2d 452 (La. App. 1st Cir. 1987); *Sharkey v. Sterling Drug, Inc.* 600 So.2d 701 (La. App. 1st Cir. 1992); *Brewer v. J.B. Hunt Transport, Inc.*, 2008-1666 (La. App. 1st Cir. 3/18/09); 9 So.3d 932, 952, n. 22, *rev. in part on other grounds*, 09-1408 (La. 3/16/10); 35 So.3d 230 (applying total offset method to claim for future medical expenses). This method has also been approved of in the Fifth Circuit in cases applying state law. *See Lucas v. United States*, 807 F.2d 414, 422–423 (5th Cir.1986) (affirming award using "total offset" method of calculating damages when no state law rejected this approach, even though the Fifth Circuit rejected this method in cases applying substantive federal law); *Miller v. Credit*, No. 12-138, 2015 WL 4132981, at *13 (M.D. La. July 8, 2015), *aff'd sub nom. Miller v. Captain Credit*, 631 F. App'x 248 (5th Cir. 2016) (citing *Sharkey*; *Shwamb*; Wolfgang W. Franz, Simplifying Future Lost Earnings, 13 TRIAL 34 (Aug. 1977)) (finding that jury award was supported by the record and that it could have even been higher had the "total offset" method been used for determining lost future earnings).

Based on the showing made by Defendants, there is no justification at this pretrial stage to strike Plaintiff's wage loss, loss of earning capacity and past and future medical expenses claims. Therefore, the remainder of Defendants' motion, including their request for reasonable attorney fees and expenses, is denied.

Signed in Baton Rouge, Louisiana, on <u>August 16, 2017</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**