## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

NICHOLE LYNN BAXTER

VERSUS

JASON MICHAEL ANDERSON, ET AL.

CIVIL ACTION

NO. 16-142-JWD-RLB

## RULING AND ORDER

On October 12, 2017, a pretrial conference was held. At that conference, the Court addressed the Plaintiff's Motion in Limine (Doc. 87). For oral reasons assigned, the motion was granted in part, denied in part, and deferred in part. (Doc. 90.)

The Court hereby supplements its oral reasons with the following written reasons. The Court will first describe the evidence or argument sought to be excluded and will then briefly summarize its ruling on that issue.

1. **MOTION IN LIMINE NO. 1**

    A. **Evidence/Argument Sought to be Excluded**

*Amounts received or benefits available from collateral sources such as health insurance benefits, workers compensation insurance benefits, or any other source of reimbursement for medical expenses or compensation for injuries of plaintiff including but not limited to: disability, social security, retirement, or Medicare benefits, whether or not applied for or received by the plaintiff. Further, that the plaintiff has received, has been entitled to receive, will receive or will become entitled to receive, benefits of any kind or character from a collateral source, including but not limited to, benefits from collateral insurance coverage, victims' assistance, social security or gratuitous benefits.*

### B. Ruling

Defendants represent that they do not intend to introduce evidence concerning any such collateral source. This motion is therefore **DENIED AS MOOT**.

### 2. MOTION IN LIMINE NO. 2

#### A. Evidence/Argument Sought to be Excluded

*Mention of or reference to medical expenses "actually incurred" or "actually paid" by the plaintiffs.* (sic)

#### B. Ruling

The parties represent that they would work on a stipulation to resolve this motion and that it would consequently not be an issue at trial. Further, Defendants represent that they do not disagree with the principle that the measure of damages for medical expenses is the amounts incurred rather than what the health carrier actually pays. Accordingly, this motion is **DENIED AS MOOT.** If there is a problem on this issue before trial, the parties should bring it to the Court's attention.

### 3. MOTION IN LIMINE NO. 3

#### A. Evidence/Argument Sought to be Excluded

*Impeachment of the plaintiff on any matters which are collateral to this lawsuit and which are not relevant or germane to the claims of plaintiff or defenses alleged by the defendants, without first demonstrating to the satisfaction of the Court a predicate for the relevancy of such matters.*

### B. Ruling

This motion is **DENIED**. The Court cannot issue in advance a blanket ruling excluding all such impeachment material without knowing what that material is or the context in which it will be offered. The Court will rule on specific objections to particular impeachment material at trial.

### 4. MOTION IN LIMINE NO. 4

#### A. Evidence/Argument Sought to be Excluded

*Preclude evidence or testimony pertaining to attorney referrals to healthcare providers.*

#### B. Ruling

The motion is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted in that payments to healthcare providers by Plaintiff's counsel are collateral sources. *See Francis v. Brown*, 95-1241 (La. App. 3 Cir. 3/20/96); 671 So. 2d 1041, 1047-48. The motion is denied in that the collateral source rule does not apply to attorney-negotiated medical discounts from a healthcare provider. *Hoffman v. 21st Century N. Am. Ins. Co.*, 2014-2279 (La. 10/2/15); 209 So. 3d 702, 706-07. The motion is also denied in that the Defendants are entitled to ask whether Plaintiff was referred to his health care provider by his attorney, as this is relevant and not unduly prejudicial.

### 5. MOTION IN LIMINE NO. 5

#### A. Evidence/Argument Sought to be Excluded

*Motion to limiting the testimony of defense expert J. Stuart Wood from offering any opinion at the trial of this matter with regards to economic loss of earning capacity.*

### B. Ruling

The motion is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted in that Plaintiff represents that she is not seeking loss of future earning capacity or wages, so Mr. Wood is not permitted to testify on these issues. However, the motion is denied in that Mr. Wood can testify as to past lost wages, as Plaintiff is making this claim.

### 6. MOTION IN LIMINE NO. 6

#### A. Evidence/Argument Sought to be Excluded

*Any and all references to vocational rehabilitation specialist, Stephanie Chalfin in the expert report of J. Stuart Wood.*

#### B. Ruling

The motion is **DENIED**. Federal Rule of Evidence 703 provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid 703. Here, economists like J. Stuart Wood would reasonably rely on information from vocational rehabilitation specialists like Stephanie Chalfin in forming their opinions, so Chaflin's testimony and report need not be admissible. Moreover, even if that weren't the case, the probative value of Wood's testimony (which is high) substantially outweighs any prejudicial effect. Lastly, as the Fifth Circuit has stated:

> Nevertheless, "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the *weight* to be assigned that opinion rather than its *admissibility* and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore County,* 80 F.3d 1074, 1077 (5th

Cir. 1996) (emphasis added) (internal quotations and citations omitted). It is the role of the adversarial system, not the court, to highlight weak evidence:

> As the Court in [*Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993)] makes clear, . . . the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system: "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."

*14.38 Acres of Land,* 80 F.3d at 1078 (quoting *Daubert,* 113 S. Ct. at 2798).

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). Thus, Plaintiff's arguments should more appropriately be pursued in cross-examination.

### 7. MOTION IN LIMINE NO. 7

#### A. Evidence/Argument Sought to be Excluded

*Testimony, arguments, opinions or evidence pertaining to the list of documents reviewed by J. Stuart Wood in generating an expert report for the defense.*

#### B. Ruling

The motion is **DENIED**, for the same reasons articulated in the previous ruling.

### 8. MOTION IN LIMINE NO. 8

#### A. Evidence/Argument Sought to be Excluded

*A. Questions calling for privileged information under the attorney and client, physician and patient, psychotherapist and patient, or counselor and client, or marital communications privileges.*

*B. The assertion of any privilege.*

### B. Ruling

The motion is **DENIED**. The Court cannot issue such a blanket ruling in a vacuum and without hearing a specific question that is objectionable. Further, Defendants represent that they do not intend to ask for privileged information, so this motion is moot.

### 9. MOTION IN LIMINE NO. 9

#### A. Evidence/Argument Sought to be Excluded

*Mention of or reference to clients currently or previously represented by counsel in unrelated matters, and legal services provided by counsel in unrelated matters.*

#### B. Ruling

The motion is **DENIED IN PART** in that references to Plaintiff's other accidents may be relevant and admissible. The Court will rule on these on a question by question basis. See Ruling on Motion in Limine #13. The motion is **GRANTED** in that references to other legal matters is irrelevant (and, in any event, Defendants represent that they do not intend to introduce such evidence). If Defendants seek to introduce evidence of other matters, then they must alert the Court, outside the presence of the jury, so that the Court can make a determination as to its admissibility.

### 10. MOTION IN LIMINE NO. 10

#### A. Evidence/Argument Sought to be Excluded

*Mention of any settlement discussions, mediations, or agreements relating to this case, including offers of compromise and promises to accept a compromise.*

### B. Ruling

The motion is **GRANTED.** Evidence of settlement negotiations is inadmissible. Fed. R. Evid. 408.

### 11. MOTION IN LIMINE NO. 11

#### A. Evidence/Argument Sought to be Excluded

*Praise of counsel concerning matters such as the experience, success, skill, or performance as counsel in this or other cases.*

#### B. Ruling

The motion is **DENIED AS MOOT.** Defendants represent that this will not be an issue.

### 12. MOTION IN LIMINE NO. 12

#### A. Evidence/Argument Sought to be Excluded

*Accusations or suggestions of impropriety, in any respect, by counsel.*

#### B. Ruling

The motion is **DENIED AS MOOT.** Defendants represent that they do not intend to make such accusations or suggestions.

### 13. MOTION IN LIMINE NO. 13

#### A. Evidence/Argument Sought to be Excluded

*Any prior unrelated claim, motor vehicle collision or lawsuit by plaintiff.*

### B. Ruling

The motion is **DEFERRED IN PART** and **DENIED IN PART**. If Plaintiff was involved in other motor vehicle accidents, then such accidents are relevant to this suit. However, if Defendants seek to introduce evidence of other claims or lawsuits, then they must alert the Court, outside the presence of the jury, so that the Court can make a determination as to its admissibility on a question by question basis.

### 14. MOTION IN LIMINE NO. 14

#### A. Evidence/Argument Sought to be Excluded

*Mention or suggestion that there may be matters that cannot be disclosed to the jury, or that a party or their counsel has sought to keep matters from the jury's knowledge.*

#### B. Ruling

This motion is **DENIED AS MOOT**. Defendants represent that they will not make any such mention or suggestion.

### 15. MOTION IN LIMINE NO. 15

#### A. Evidence/Argument Sought to be Excluded

*Prohibiting any use, reference to, mention of, or accusation, in the presence of the jury, of or about any document or thing requested by a party during discovery in this action but not produced to the requesting party before the commencement of trial. Also, prohibiting testimony and/or opinions of any individuals not previously, specifically and/or timely identified as having knowledge of facts relevant to the subject matter of this lawsuit.*

### B. Ruling

The motion is **DENIED**. The Court cannot issue a ruling such as this in advance and in a vacuum without knowing the specific documents or witnesses at issue or the precise situation involved. If Plaintiff believes that the Defendants are using evidence or attempting to call a witness that was not previously disclosed in discovery, then she may object at trial, and the Court will determine its admissibility.

### 16. MOTION IN LIMINE NO. 16

#### A. Evidence/Argument Sought to be Excluded

*Mention of tax implications, or absence thereof, on the award of damages of any type.*

#### B. Ruling

This motion is **DENIED AS MOOT**. This issue should be addressed by the final jury instructions.

### 17. MOTION IN LIMINE NO. 17

#### A. Evidence/Argument Sought to be Excluded

*Any mention of use or alleged use by plaintiff of marijuana or other illegal substances.*

#### B. Ruling

This motion is **DENIED AS MOOT**. Defendants represent that they will not reference any such conduct. If such evidence is found, the Defendants must, before seeking to introduce it,

alert the Court outside the presence of the jury so that the Court can make a ruling as to its admissibility.

### 18. MOTION IN LIMINE NO. 18

#### A. Evidence/Argument Sought to be Excluded

*Any use of the phrase "guilt" or "guilty" of negligence.*

#### B. Ruling

The motion is **DENIED**. The Court will give extensive instructions throughout voir dire and trial as to the burden of proof and legal standard in this case. There is simply not a risk of substantial prejudice on this issue.

### 19. MOTION IN LIMINE NO. 19

#### A. Evidence/Argument Sought to be Excluded

*Any mention of any violations of law, criminal charges, traffic violations or crimes committed by, or allegedly committed by, any plaintiff at any time.*

#### B. Ruling

The motion is **DENIED**. Again, the Court cannot issue such a broad ruling without knowing what specific violation is at issue. Putting that aside, Plaintiff represents that she has never been arrested or convicted of any crime, so the issue may be moot. If the Defendants wish to introduce such evidence, they must alert the Court outside the presence of the jury so that the Court can make a determination as to its inadmissibility.

## 20. MOTION IN LIMINE NO. 20

### A. Evidence/Argument Sought to be Excluded

*The time or circumstances under which the plaintiff employed their attorneys, including any reference of any kind to the fee basis or the existence of contingent fees as part of attorney-client contract.*

### B. Ruling

The motion is **DEFERRED** and **TAKEN UNDER ADVISEMENT.** If the Defendants seek to introduce such evidence or make such an argument, they must alert the Court, outside the presence of the jury, so that the Court can make a determination as to the evidence's admissibility.

## 21. MOTION IN LIMINE NO. 21

### A. Evidence/Argument Sought to be Excluded

*That the plaintiff has had unrelated injuries to those presently claimed in this litigation, for the reason that any such injuries would be immaterial and irrelevant to any issue in this cause, and would be incurable prejudicial even though objections were timely made and sustained.*

### B. Ruling

The motion is **DENIED**. Again, the Court cannot rule without specifics. Further, Plaintiff begs the question by saying that injuries are "unrelated." The Court will rule on these on a question by question basis. If Defendants seek to introduce such evidence, then they must alert the Court, outside the presence of the jury, so that the Court can make a determination as to its admissibility. See Rulings to Motion in Limine Nos. 9 & 13.

### 22. MOTION IN LIMINE NO. 22

#### A. Evidence/Argument Sought to be Excluded

*Any social benefits, whether or not applied for, awarded, received, or denied, such as unemployment compensation benefits, food stamps, Medicaid, low income assistance, aid to families with dependent children, social security disability, and any and all other social welfare benefits of any type.*

#### B. Ruling

This motion is **DEFERRED** until trial. Evidence of payments for food stamps, Medicaid, low income assistance, or families with dependent children is irrelevant and inadmissible. If there are unemployment compensation benefits or social security benefits applied for during a relevant period, then such payments may be relevant. Again, the Court cannot rule without knowing the specifics of what benefits were received and what time periods were involved. If the Defendants seek to introduce any such evidence, they must alert the Court outside the presence of the jury so that the Court can determine its admissibility.

### 23. MOTION IN LIMINE NO. 23

#### A. Evidence/Argument Sought to be Excluded

*Prohibiting more than one attorney for a party from examining a single witness, or presenting argument on an issue, except upon a showing of good cause.*

#### B. Ruling

This motion is **DENIED AS MOOT.** The Court's standard practice is that only one attorney for a party can examine a witness.

### 24. MOTION IN LIMINE NO. 24

#### A. Evidence/Argument Sought to be Excluded

*Excluding from the courtroom all non-party witnesses, except expert witnesses expected to testify at trial, until the time of final argument.*

#### B. Ruling

This motion is **GRANTED**. Fed. R. Evid. 615. The parties are instructed to request sequestration on the morning of trial. The parties will also be required to advise their own witnesses about sequestration. Experts will be exempted. Fed. R. Evid. 615(c).

### 25. MOTION IN LIMINE NO. 25

#### A. Evidence/Argument Sought to be Excluded

*Impact of an adverse verdict.*

#### B. Ruling

This motion is **DENIED.** Similar to the Court's ruling on the use of the reptile theory, the Court finds that Plaintiff's request is too nonspecific to rule on at this time. Again, the Court cannot exclude in advance these types of arguments without hearing the specific context in which the arguments are made.

**26. MOTION IN LIMINE NO. 26**

    **A. Evidence/Argument Sought to be Excluded**

*To the filing of this Motion in Limine or to any ruling by the court in response to this Motion. Such references are inherently prejudicial in that they suggest or infer that the movant has sought to prohibit proof or that the Court has excluded proof of matters damaging to movant's Case.*

    **B. Ruling**

The motion is **GRANTED**, as such evidence is irrelevant and unduly prejudicial.

**27. MOTION IN LIMINE NO. 27**

    **A. Evidence/Argument Sought to be Excluded**

*That plaintiff claimed the privilege of attorney work-product immunity during the course of pretrial discovery in this case.*

    **B. Ruling**

The motion is **GRANTED**, as such evidence is irrelevant and unduly prejudicial.

**28. MOTION IN LIMINE NO. 28**

    **A. Evidence/Argument Sought to be Excluded**

*Any mention of any old and unrelated injuries or medical ailments suffered by Nichole Lynn Baxter.*

### B. Ruling

The motion is **DENIED WITHOUT PREJUDICE.** Plaintiff's motion begs the question as to what constitutes "old and unrelated" injuries. The Court will entertain specific objections to particular injuries/ailments as they are presented at trial. If Defendants seek to introduce such evidence, then they must alert the Court, outside the presence of the jury, so that the Court can make a determination as to its admissibility. See Rulings to Motion in Limine Nos. 9, 13, & 21.

## 29. MOTION IN LIMINE NO. 29

### A. Evidence/Argument Sought to be Excluded

*That the plaintiff sought to exclude proof during pretrial discovery or that the court has ruled concerning the scope of pretrial discovery or the existence of any pretrial discovery disputes.*

### B. Ruling

The motion is **GRANTED**, as such evidence is irrelevant and unduly prejudicial.

## 30. MOTION IN LIMINE NO. 30

### A. Evidence/Argument Sought to be Excluded

*That the plaintiff failed to call any person to testify as a witness in the present action, if that person is equally available to the defendants.*

### B. Ruling

The motion is **DENIED.** The Court cannot rule on this issue in a vacuum. The Court needs specifics as to particular witnesses and the circumstances surrounding those individuals.

### 31. MOTION IN LIMINE NO. 31

####    A.  Evidence/Argument Sought to be Excluded

*Any and all argument that Plaintiff failed to call all of her treating physicians.*

####    B.  Ruling

The motion is **DENIED IN PART** and **DEFERRED IN PART**.  The motion is denied in that this is a permissible argument by Defendants that is not unduly prejudicial.  The motion is deferred with respect to any request for an adverse inference.

### 32. MOTION IN LIMINE NO. 32

####    A.  Evidence/Argument Sought to be Excluded

*Through verbal remark, questioning or attempting introduction of documentary evidence of anything relating to the character of any parties or witnesses until such time as the door has been opened for such evidence and counsel has approached the bench outside the hearing of the Jury and requested permission to pursue the line of evidence.*

####    B.  Ruling

The motion is **DENIED.**  The Court cannot rule on this issue in a vacuum and without the necessary particulars.  Nevertheless, the Court will entertain specific objections to allegedly improper lines of inquiry at trial.  If Defendants seek to use character evidence, then they must alert the Court outside the presence of the jury so that the Court can determine its admissibility.

**33. MOTION IN LIMINE NO. 33**

    **A. Evidence/Argument Sought to be Excluded**

*The plaintiffs'* (sic) *personal habits, such as drinking habits, or alleged use prior to or after the date of the injury to the plaintiff, of drugs or other controlled substances, for the reason that there is no allegation or contention that the plaintiff was intoxicated at the time of the occurrence made the basis of this suit.*

    **B. Ruling**

The motion is **DENIED.** The Court cannot rule on this issue in a vacuum and without the necessary particulars. Nevertheless, the Court will entertain specific objections to allegedly improper lines of inquiry at trial. If Defendants seek to introduce such evidence, they must alert the Court beforehand outside the presence of the jury so that the Court can determine its admissibility.

**34. MOTION IN LIMINE NO. 34**

This motion was omitted.

**35. MOTION IN LIMINE NO. 35**

    **A. Evidence/Argument Sought to be Excluded**

*Any attempts by defense counsel to ask questions of lay witnesses (i.e., those not designated as experts) that, either directly or by inference, elicit expert opinions regarding the cause of the occurrence, the responsibilities (faults) of the parties, or other opinions which are the necessary result of special training, experience or expertise.*

### B. Ruling

The motion is **DENIED**. The admissibility of lay opinion depends on the circumstances and the specific questions asked. For example, a police officer will not be allowed to reconstruct the accident, but he could possibly testify as to the point of impact. The Court will enforce the Federal Rules of Evidence (including Rule 701, regarding opinion testimony by lay witnesses) and rule on specific objections at trial.

## 36. MOTION IN LIMINE NO. 36

### A. Evidence/Argument Sought to be Excluded

*That insurance rates or premiums may or may not increase dependent upon the amount a jury awards to the plaintiff. Such information would be prejudicial in leading jurors to believe that they possess an indirect pecuniary interest in the outcome of the case, which would render them per se incapable of the impartiality required of a juror.*

### B. Ruling

The motion is **GRANTED**. Such evidence would be irrelevant and unduly prejudicial.

## 37. MOTION IN LIMINE NO. 37

### A. Evidence/Argument Sought to be Excluded

*Any evidence, testimony, argument or otherwise concerning Plaintiff's lack of automobile liability insurance at the time of the subject crash.*

### B. Ruling

The motion is **GRANTED**. Plaintiff has conceded that Defendants are entitled to a credit under La. Rev. Stat. § 32:866. As a result, such evidence is irrelevant. Further, this evidence would be unduly prejudicial.

### 38. MOTION IN LIMINE NO. 38 (marked as NO. 34)

#### A. Evidence/Argument Sought to be Excluded

*Any reference in the medical or clinical records to statements about how the instant occurrence happened that are not demonstrated to be attributable to the plaintiff, as such entries constitute impermissible hearsay.*

#### B. Ruling

The motion is **DENIED**. Whenever a certified medical record is offered, it shall be received in evidence as prima facie proof of its contents. La. Rev. Stat. § 13:3714(A). Nevertheless, Plaintiff may object at trial to particular questions as being impermissible lay opinion, and the Court will rule on these objections.

**39. MOTION IN LIMINE NO. 39 (labeled as NO. 35)**

    **A. Evidence/Argument Sought to be Excluded**

*Any testimony from any lay witness speculating as to possible ways in which the occurrence in question could have occurred, since such speculation is inadmissible, irrelevant, and could only serve to confuse and mislead the jury.*

    **B. Ruling**

The motion is **DENIED**. This issue depends on the particular questions involved. The Court will rule on specific objections as they arise at trial.

Signed in Baton Rouge, Louisiana, on <u>January 2, 2018</u>.

 

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**